## TURNER v. STEIGERWALD et al.
### No. 2587.

Court of Civil Appeals of Texas. Beaumont.
May 3, 1934.

Kitching & Kenna, of Beaumont, for appellant.

E. L. Nall, of Beaumont, for appellee.

WALKER, Chief Justice.

In the district court of Jefferson county, Sixtieth judicial district, on the 13th day of March, 1933, Peter Steigerwald recovered judgment against John Turner and his wife, Nancy, for the title and possession of a certain house and lot in the city of Beaumont, Jefferson county, fully described in the judgment. On the 26th day of November, 1929, the legal title to this property was in T. H. Bowers, and on that date he entered into a contract in writing with John and Nancy Turner, whereby, upon the terms and consideration therein stated, he agreed to sell them this property; one of the conditions was that, in the event John and Nancy Turner made default in the payment of the monthly installments given in consideration for the property, Bowers had the right to "put an end to same." Bowers assigned this contract to Texas National Bank, and the bank assigned it to Peter Steigerwald who, upon allegations that John and Nancy Turner had made default in their payments, recovered against them the judgment above referred to. On the 27th of May, 1933, John Turner filed this suit against Peter Steigerwald, First National Bank of Beaumont, and T. H. Bowers, as a bill of review to set aside the Steigerwald judgment and to recover the title and possession of the property and also to recover damages in the sum of $450; and, in the alternative, to recover judgment against all the defendants in the sum of $2458. Steigerwald and the bank filed answers to the bill of review, but appellee Bowers filed his plea of privilege to be sued in Bexar county, the county of his residence.

The plea of privilege was properly sustained. Bowers was in no way a party to the Steigerwald suit against John and Nancy Turner wherein he recovered judgment for the title and possession of the property in issue. Under the allegations of appellant's petition, Bowers had parted with all his right and title in and to the property to the Texas National Bank, and at the time the Steigerwald suit was filed, and at the time this bill of review was filed, Bowers owned no interest

whatever in the property. It necessarily follows that Bowers was neither a necessary nor a proper party to appellant's bill of review.

In no sense can the bill of review be construed as an action in trespass to try title. So venue cannot be claimed against Bowers on that theory. Though the prayer was for recovery of the title and possession of the property, the allegations of the petition were to the effect that Bowers had no interest therein. So he was not a necessary or proper party to the litigation affecting the title to this property.

The action against Bowers for damages for fraud lies in Bexar county, the county of his residence.

It follows that the judgment of the lower court should in all things be affirmed, and it is accordingly so ordered.